HoweMí, J.
This is an action upon a promissory note, made at Wood-ville, Miss., by W. L. Cage and the defendant, jointly and severally, and payable to the order of Edward Nalie & Co., at their counting-room in this city, and by them specially endorsed to plaintiff.
The defence is, that Ventress, the defendant, was only surety for Cage, to the Jmowledge of the payees, who were requested by defendant, before and after maturity, but without success, to take legal proceedings for the collection of the note against said Cage, who had ample means, and that plaintiff became the owner and holder of the note after maturity, and with knowledge of the above facts.
Counsel for defendant and appellant, in their brief, “insist that witness is only liable conditionally, i. e., that being merely a surety, by the law of Mississippi, he is only bound on the note after the principal, Cage, is prosecuted to insolvency, provided witness had notified the holder of the note to pursue Cage, as reqriired by the statute. ”
As this statute of Mississippi is not in evidence, we are to presume that it is similar to our own law, under which the facts, if all proven, would not release the defendant. No equities, as to the consideration of the note between the actual debtor and the payees, are pleaded.
The plaintiff, in his answer to the appeal, has prayed that the judgment be amended so as to allow ten per cent, interest, as stipulated in the note, and authorized by the law of Mississippi, where the contract was made; and has filed in evidence the statute of that State, which sustains his demand. See 8 N. S., p. 1; 3 A. 88.
It is therefore ordered, that the judgment appealed from be so amended as to allow ten instead of eight per cent, interest, and as thus amended it be affirmed, with costs.